**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5295-18T1

SHARON YANG,

    Plaintiff-Appellant,

v.

BIAO XUE,

    Defendant-Respondent.

_____

Submitted November 2, 2020 – Decided November 18, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. SC-000741-19.

Sharon Yang, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

In this breach of contract case, plaintiff appeals from a July 16, 2019 judgment of no cause of action entered in favor of defendant after a small claims

trial. Judge Gary K. Wolinetz conducted the bench trial, took testimony from the parties, and rendered an oral decision. He concluded that plaintiff failed to sustain her burden of proof, which is self-evident from her arguments on appeal. Accordingly, we affirm.

The parties are divorced. Their dispute occurred after their adult daughter incurred expenses for eye surgery. To cover part of the doctor's bill, defendant's insurance company allegedly mailed plaintiff a check payable to defendant for $1,185.12. Plaintiff asserted she sent the check to defendant and asked him to endorse it and pay the doctor. She then filed a breach of contract complaint against defendant alleging he "pocketed th[e] money and refused to pay the doctor." In her complaint, she sought $1,185.12 in damages because—as she alleged in her complaint—"the doctor is chasing after [p]laintiff for this payment."

Plaintiff testified that defendant wrote the doctor notifying him that the daughter did not live with him and that he asked that the doctor stop sending him bills for the balance due. She also stated that three people from defendant's insurance company told her defendant had cashed the check. Plaintiff conceded, however, that she did not have proof that he cashed the check or that he had

deposited the check into his bank account. At trial, plaintiff offered to "go and find [the] proof."

Defendant testified that he had been estranged from his daughter for years, who he said was of "full age [and] with full responsibility of her own course." He said they were "totally strangers." Defendant stated that no one consulted him about paying for the eye procedure before it was performed. He also asserted that plaintiff lacked standing to sue him, as any unpaid balance is between the daughter and doctor. Defendant explained that he never received an insurance payment with directions to pay the doctor, and—contrary to plaintiff's testimony at trial—he did not tell anyone that the money was his own or that he could do with it what he wanted. He testified that he had no recollection of receiving the insurance check.

The judge found that plaintiff failed to prove by a preponderance of the evidence that defendant received the check. The judge asked plaintiff for any specific relevant evidence which would corroborate her trial testimony, such as a letter from the insurance company, defendant, anyone else, or for "any evidence whatsoever?" He asked her to "show me any evidence . . . that states that a check was mailed to [defendant] in that amount of money." Responding to those questions, plaintiff said "I'm sorry, . . . all the conversations with the

3

insurance company [were] on the phone. I wasn't expecting to get any evidence."

Before the judge rendered his decision, he gave the parties the "opportunity just to present whatever other evidence or any other statements [they would] like to make." Plaintiff responded by explaining that her daughter overheard the conversations she had with representatives at the defendant's insurance company, and that she could produce her daughter, who could testify to what she overheard. Plaintiff also offered to look for any notes that she may have made while communicating with insurance representatives. The judge explained, however, that the time to produce evidence was at the trial, not at some time in the future.

The judge then rendered his findings of fact and conclusions of law. In finding that plaintiff failed to meet her burden of proof, the judge rejected plaintiff's testimony about what insurance representatives may have told her on the phone because those individuals did not present certifications or testify at the trial. The judge found that there were no corroborating documents confirming conversations with those representatives and no proof that defendant received or cashed the check.

On appeal, plaintiff raises the following arguments:

[POINT I]

THE [JUDGE] ERRED IN DENYING PLAINTIFF'S REQUEST FOR RESCHEDULING ANOTHER COURT HEARING SO SHE COULD BRING EVIDENCE TO PROVE DEFENDANT HAD RECEIVED THE PAYMENT OF $1[,]185.12 INTENDED FOR HIS DAUGHTER'S EYE SURGERY. A JUDGMENT BASED ON LIES IS NOT A FAIR AND JUST ONE.

[POINT II]

THE JUDGMENT IS BASED ON THE FALSE ASSUMPTION THAT DEFENDANT DID NOT RECEIVE THE CHECK OF $1[,]185.12, BUT HE DID.

We afford a deferential standard of review to the factual findings of the trial court on appeal from a bench trial. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). These findings will not be disturbed unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 484 (internal quotation mark omitted) (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). However, our review of a trial court's legal determinations is plenary. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) (citing Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995)).

There is no basis to re-open the trial or set aside the judge's factual findings. He had the opportunity to observe the parties' testimony and found that plaintiff failed to sustain her burden of proof. At trial, plaintiff did not establish that defendant received an insurance check earmarked for his estranged daughter's eye surgery expense, or that he cashed such a check and deposited it into his own account, or that he was contractually obligated to give plaintiff that money. And from plaintiff's contentions on appeal, she does not explicitly argue otherwise.

Rather, plaintiff maintains—like she did at trial—that she did not produce evidence at trial because defendant "misled [her] on purpose" into believing that he would admit receiving and cashing the check. She infers this because before appearing for trial, defendant purportedly never disputed having done so. She therefore believed he would admit these things. Instead, she asserts that defendant lied to the judge, which then "caught [her] by surprise[,]" leading to her appearing at trial unprepared to prove her case. Under these circumstances, there was no reason to re-schedule the trial.

Defendant testified he had no recollection of receiving the check or cashing it. The judge could have found defendant was not credible, but he accepted that testimony knowing that the parties had a contentious relationship.

A-5295-18T1

We cannot second guess the judge's assessment of the parties' testimony, since plaintiff conceded she lacked sufficient proof to establish her breach of contract claim.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5295-18T1